## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TEISHA GALLEGLY, an induvial,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. CIV-22-817-R** |
| ) | |
| **CORDELL MEMORIAL HOSPITAL** ) | |
| **FOUNDATION, d/b/a CORDELL** ) | |
| **MEMORIAL HOSPITAL; MELINDA** ) | |
| **LAIRD, an individual; CHERYL** ) | |
| **PUTMAN, an individual; and JEANIA** ) | |
| **JACKSON, an individual,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. No. 6), Plaintiff's Response (Doc. No. 8), and Defendants' Reply (Doc. No. 9). Upon consideration of the parties' filings, the Court GRANTS Defendants' Motion to Dismiss.

Plaintiff Teisha Gallegly performed hospital and emergency room ("ER") services at Cordell Memorial Hospital ("CMH") as a contract nurse practitioner for nearly two years before being discharged in May 2022. She alleges that she was wrongfully denied an opportunity for full-time employment with CMH in or about December 2021, and that about four months later an incident took place in the ER which led to her removal as an ER provider. Dismayed with CMH's response to this incident, she submitted a thirty-day notice of resignation. She asserts, however, that her last thirty days "were cut a week short" when CMH terminated her for notifying CMH patients of her departure. (Doc. No. 1-1, at 2, 10, ¶¶ 8, 59).

Ms. Gallegly filed this action in Washita County, Oklahoma, against Defendants CMH, Melinda Laird, Cheryl Putman, and Jeannia Jackson,[1] seeking damages for alleged hiring discrimination, retaliation, wrongful termination, breach of contract, unjust enrichment, and defamation. (*See* Doc. No. 1-1). Defendants removed the case to the Western District of Oklahoma and moved to dismiss Plaintiff's defamation claim (Count VII) under two theories: (1) the Oklahoma Citizens Participation Act, Okla. Stat. tit. 12, §§ 1430-40, and (2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Individual Defendants Laird, Putman, and Jackson move under Rule 12(b)(6) to dismiss the Title VII, Oklahoma Anti-Discrimination Act ("OADA"), and *Burk* public policy tort claims (Counts I, II, and III). In assessing this Motion, the Court did not consider materials outside the pleadings. *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002) (explaining that "[i]n deciding a Rule 12(b)(6) motion, a federal court generally should not look beyond the confines of the complaint itself." (internal quotation marks and citations omitted)).[2]

---

[1] The names of individual Defendants Cheryl Putman and Jeannia Jackson are spelled according to Defendants' spelling. (*See* Doc. No. 1, at 1 n.2; *See* Doc. No. 6, at 2 n.1). Defendant Melinda Laird is the Chief Executive Officer (CEO) of CMH, and Defendant Jeannia Jackson is a registered nurse at CMH. Based on the pleading, the Court is unable to discern Cheryl Putman's occupation, but presumes she is a CMH employee.

[2] Facts first identified in Plaintiff's Response (Doc. No. 8) similarly are not considered in the Court's analysis. *See Vanterpool v. Fed'n Chiropractic Licensing Bd., et al.*, No. 22-CV-01208-CNS-NRN, 2022 WL 16635391, at *4 (D. Colo. Nov. 2, 2022) (finding that the plaintiff cannot "amend her complaint by adding or changing factual allegations in response to a motion to dismiss." (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))). Nothing in this Order prohibits Plaintiff from seeking leave to amend pursuant to Fed. R. Civ. P. 15.

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. In making its dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the claimant. *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court, however, need not accept as true conclusory allegations. *Erikson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.   Defamation

Defendants move to dismiss Plaintiff's defamation claims (Count VII) pursuant to the Oklahoma Citizens Participation Act ("OCPA") and Rule 12(b)(6). The Court need not address Defendants' OCPA argument because Plaintiff has failed to state a plausible claim for defamation.

In an action for defamation:

> [a plaintiff] must show: (1) [a] false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage [per se], or the existence of special damage [per quod].

*Nelson v. Am. Hometown Publ'g, Inc.*, 333 P.3d 962, 969 (Okla. Civ. App. 2014) (citations omitted). To recover damages for defamation in a civil action under Oklahoma law, "it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby." Okla. Stat., tit. 12, § 1444.1. However, because this case has been removed to federal court, federal pleading standards apply. *See* Fed. R. Civ. P. 81(c)(1).

In April 2022, Plaintiff treated two badly burned young boys in the CMH ER. She contends that she ordered the assisting nurse, Defendant Jackson, to administer a total of 1.5 mg morphine to one of the boys, but that Jackson mistakenly administered more than twice the ordered dosage.[3] (Doc. No. 1-1, at 8, ¶¶ 48-50). Plaintiff alleges Defendant Jackson maintains that Plaintiff ordered her to administer the excessive dose, and that Jackson tried "to cover up her medical error in the CMH computer system." (Doc. No. 1-1, at 9, ¶ 53, 54). Plaintiff further contends that after the incident,

> Defendants Laird, Putman and Jackson began making defamatory statements to other employees and staff at CMH, to other healthcare facilities and providers/workers in the region, and to Plaintiff's own patients. These statements were intended to harm Plaintiff's reputation with her patients and peers at CMH and in the surrounding area, which consists of only a few hospitals and is a small community (i.e., rural western Oklahoma).

---

[3] Ms. Gallegly does not indicate whether the child suffered any adverse health effects due to the excessive dosage of morphine.

(Doc. No. 1-1, at 16, ¶ 101).

Though Plaintiff claims to have been defamed, she neglects to allege a single specific defamatory statement—written or spoken—by any Defendant to any third party. Moreover, she does not specify the identity of any patient, CMH employee, or other healthcare provider to whom allegedly false statements were made. Simply characterizing unidentified statements as defamatory or disparaging is not sufficient to satisfy Plaintiff's burden under *Iqbal* and *Twombly*.[4] Accordingly, Plaintiff's claims that Defendants made defamatory statements to CMH employees, other healthcare providers, and Plaintiff's patients are dismissed without prejudice pursuant to Rule 12(b)(6).

## II.    Discriminatory Hiring Practices, Retaliation, and Wrongful Termination

Plaintiff maintains that she was subjected to hiring discrimination "based upon sex/gender," in violation of Title VII and the OADA. She further asserts that she was retaliated against, and wrongfully terminated, for questioning the hospital's hiring practices and reporting Defendant Jackson's medical error. (Doc. No. 1-1, at 5, 6, 12, ¶¶ 33, 39, 69-70). Defendants Laird, Putman, and Jackson move to dismiss Plaintiff's Title VII and OADA claims (Counts I and II) and *Burk* public policy tort claims related to wrongful termination (Count III) against them in their individual capacities. (Doc. No. 6).[5]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[5] Although Plaintiff did not specifically respond to the individual Defendants' motion to dismiss the Title VII, OADA, and *Burk* public policy tort claims against them, the Court will consider the allegations in Plaintiff's Complaint to determine whether she has stated a claim upon which relief can be granted. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). !

### a.  Title VII

Discrimination claims brought under Title VII "against individuals must proceed in their official capacity" because "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). Thus, "[s]upervisors and managers are not liable for Title VII violations, and liability is imposed only upon an employer." *Peters v. Black Tie Value Parking Serv., Inc.*, No. CIV-12-809-D, 2013 WL 149773, at *2 (W.D. Okla. Jan. 14, 2013) (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)) (additional citations omitted).

Here, Plaintiff has sued CMH; therefore, her Title VII claims against CMH employees Laird, Putman, and Jackson are redundant. Accordingly, Plaintiff's Title VII claims against the individual Defendants are dismissed with prejudice.

### b.  Oklahoma Anti-Discrimination Act (OADA)

Individual, or supervisory liability is also unavailable under the OADA. *See Peters*, 2013 WL 149773, at *3. The Oklahoma Court of Civil Appeals has concluded that:

> [T]he Legislature did not intend to make individual employees personally liable for discrimination actions brought under the OADA, which intent is apparent from a clear reading of § 1301(1) and § 1201(5) of the OADA. Section 1302 of the OADA prohibits discriminatory practices by an "employer." "Employer" is defined in § 1301(1) as "a person with more than 15 employees" and "an agent of such a person" Under § 1201(5) of the OADA, "person" includes an "individual" and a long list of entities commonly having employees. Interpreting these statutes, together, the Legislature's inclusion of "individual" simply recognizes that an individual or sole proprietor with the requisite number of employees may too qualify as an "employer" for purposes of liability under the OADA.

*Fulton v. People Lease Corp.*, 241 P.3d 255, 261 (Okla. Civ. App. 2010). Thus, Plaintiff's OADA claims against individual Defendants Laird, Putman, and Jackson are dismissed with prejudice.

### c. Wrongful Termination

Under Oklahoma law, courts recognize "a limited public policy exception to the terminable-at-will rule as an actionable tort claim in cases in which the discharge is contrary to a clear mandate of public policy." *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989). Liability for *Burk* public policy tort claims has not, however, been extended to individuals. *Peters*, 2013 WL 149773, at *3 (acknowledging that "[t]he same rule" that prevents individual or supervisory liability under the OADA "applies to *Burk* claims asserting an employee was terminated in violation of public policy.") (citing *Fulton*, 241 P.3d at 261); *Hunter v. Council on Firefighter Training ex rel. Oklahoma*, No. CIV-16-880-R, 2017 WL 2656260, at *5 (W.D. Okla. June 20, 2017) ("There is no authority for assessing liability under *Burk* against an individual supervisor or co-worker").

Here, Plaintiff asserts that she was wrongfully terminated for reporting Defendant Jackson's medical error which, she contends, "is a protected activity based upon Oklahoma's public policy in regulating the practice of nursing and ensuring that competent care is provided by nurses such as Defendant Jackson." (Doc. No. 1-1, at 14, ¶¶ 81, 84). However, liability for *Burk* public policy tort claims does not extend to individuals. Accordingly, Plaintiff's wrongful termination claims against individual Defendants Laird, Putman, and Jackson are dismissed with prejudice.

## <u>Conclusion</u>

As set forth above, Defendants' Motion to Dismiss (Doc. No. 6) is GRANTED.

All claims against individual Defendants Laird, Putman and Jackson are

dismissed, as set forth above.

IT IS SO ORDERED this 14th day of November 2022.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

8